**In re MIDWEST COMMUNICATIONS CORPORATION, Debtor.**

**MIDWEST COMMUNICATIONS CORPORATION, Plaintiff,**

v.

**BLACK ENTERTAINMENT TELEVISION, Defendant.**

Bankruptcy No. 91–01031.
Adv. No. 92–2017.

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

July 22, 1992.

John C. Greiner, Cincinnati, Ohio, for debtor.

John H. McCann, Lexington, Ky., for Black Entertainment Television.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the defendant's Motion to Dismiss or Stay Proceedings and to Compel Arbitration, filed herein on April 2, 1992. Both parties have filed memoranda in support of their respective positions. The plaintiff has alleged that this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The defendant contends that this Court lacks subject matter jurisdiction.

The plaintiff's Complaint, filed herein on February 24, 1992, is based on the defendant's alleged default on two purchase agreements. The plaintiff contends that pursuant to two related security agreements it is therefore entitled to possession of the collateral. The plaintiff prays in the alternative for judgment in the amount of $256,324.76. The defendant's response to the Complaint, its Motion to Dismiss or Stay, seeks dismissal pursuant to FRCP 12 or an order pursuant to 9 U.S.C. § 3 granting the defendant a stay pending resolution of this matter by arbitration and ordering the plaintiff to arbitrate its dispute with the defendant according to the provisions of their agreements for services.

The Court will deal first with the question of jurisdiction. There is no doubt

that this Court has subject matter jurisdiction herein pursuant to 28 U.S.C. § 1334(b). This matter is at the very least related to a case under title 11. The question of whether it is a core proceeding is resolved by consideration of 28 U.S.C. § 157. Section 157 is the congressional response to the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), that traditional common law ("private right") claims were reserved for Article III courts. Courts must therefore decide if particular proceedings founded on state law claims fall within "the core of the federal bankruptcy power." *Marathon*, 458 U.S. at 71, 102 S.Ct. at 2871. In this regard, a core proceeding has been defined as an action which must have as its foundation the creation, recognition or adjudication of rights which would not exist independently of the bankruptcy environment. *Holloway v. HECI Explor. Co. Emp. P. Sharing Plan*, 76 B.R. 563, 568 (Bkrtcy.N.D.Tex.1987).

The Second Circuit Court of Appeals recently held in *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2nd Cir.1990) "that the bankruptcy court has core jurisdiction, pursuant to § 157(b)(2)(A), over contract claims under state law when the contract was entered into post-petition." At 1400. The court distinguished its decision from earlier lower court cases which had held pre-petition claims to be non-core. The contracts herein were entered into pre-petition, and according to the criteria set out in the above-referenced cases, this is a non-core matter.

■ As concerns the question of whether this Court should order arbitration, exhibits filed in this matter show that the agreements for services entered into by the plaintiff and defendant contain binding arbitration clauses. The applicable statute, 9 U.S.C. § 3, provides as follows:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the

issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The defendant's position is that this provision requires both state and federal courts to grant stays of litigation upon a showing that disputes are subject to valid and enforceable arbitration agreements. The defendant cites *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) in support of its position.

The plaintiff maintains that the bankruptcy court should exercise its discretion to decline to compel arbitration. The plaintiff cites *In re F & T Contractors*, 649 F.2d 1229 (6th Cir.1981), in which the court held that the bankruptcy judge did not abuse his discretion by refusing to submit a construction contract dispute to arbitration in view of the fact that the claims of other creditors would have been affected by the decision of the arbitration board and those creditors would not have been allowed to participate in the proceeding. The plaintiff maintains that the Court should deny the defendant's motion based on the criteria set out in *F & T Contractors*, i.e., whether the arbitrator brings any special expertise to the decision-making process and whether the issue to be determined touches a special bankruptcy interest. *Id.*, at 1233.

This Court believes that a well-reasoned approach to this matter is found in a recent decision of the bankruptcy court in *In re Chorus Data Systems, Inc.*, 122 B.R. 845 (Bkrtcy.D.N.H.1990). Therein the court stated that there is a "strong federal policy favoring arbitration which can only be overridden if the party opposing arbitration makes a strong showing of a clear conflict with another federal statute." *Id.*, at 850. The court went on to point out that the burden is on the opposing party to show that the Arbitration Act's mandate may be

overridden by a contrary congressional command. *Id.,* at 851.

The court further stated that under Supreme Court precedents including *Moses H. Cone, supra,* and *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 225–227, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987),

> ... there is discretion but in the bankruptcy context there must be a demonstrated specific conflict between enforcing an arbitration clause and the textual provisions and/or purposes of the Bankruptcy Code to justify the exercise of discretion by a bankruptcy court in refusing to enforce an arbitration clause.

*Id,* at 851. The court found it noteworthy that the Third Circuit had in *Hays and Company v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 885 F.2d 1149 (3rd Cir.1989) indicated in dictum that a bankruptcy court might have discretion to refuse arbitration even in a non-core matter. The court quoted from the *Hays* opinion as follows:

> 'Thus, the district court lacked the authority and discretion to deny enforcement of the arbitration clause unless Hays had met its burden of showing that the text, legislative history, or purpose of the Bankruptcy Code conflicts with the enforcement of an arbitration clause in a case of this kind, that is, a non-core proceeding.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> The message we get from these recent [Supreme Court] cases is that we must carefully determine whether any underlying purpose of the Bankruptcy Code would be adversely affected by enforcing an arbitration clause and that we should enforce such a clause unless that effect would seriously jeopardize the objectives of the Code.

*Id.,* at 851–852.

In view of the fact that this Court has found this matter to be non-core, and in applying the criteria set out in *Chorus Data,* it is the opinion of this Court that the defendant's Motion for Stay of Proceedings Pending Arbitration and to Compel Arbitration should be sustained. It appearing that this matter is interlocutory in nature, an order in conformity with this opinion will be entered separately.