In re William Earl BRADFORD and Lenore C. Bradford, Debtors.

William Earl BRADFORD, Plaintiff–Appellant,

v.

J.C. BRADFORD & CO., Defendant–Appellee (Two Cases).

Nos. 1:95–CV–150, 1:95–CV–191.

United States District Court, E.D. Tennessee, Chattanooga.

Jan. 26, 1996.

standard, but conducts a *de novo* review of the Bankruptcy Court's conclusions of law. *Fed.R.Bankr.P.* 8013; *In re Isaacman,* 26 F.3d 629, 630 (6th Cir.1994); *Harbour Lights Marina v. Wandstrat,* 153 B.R. 781 (Bankr. S.D.Ohio 1993). However, the Court may overturn matters within the discretion of the Bankruptcy Court only for an abuse of discretion. *Fed.R.Bankr.P.* 8003; *American Imaging Services, Inc. v. Eagle–Picher Industries, Inc. (In re Eagle–Picher Industries, Inc.),* 963 F.2d 855, 858 (6th Cir.1992). *Accord, Investors Credit Corp. v. Batie,* 995 F.2d 85, 88 (6th Cir.1993).

Mark T. Young, Sandra York Benton, Mark T. Young & Associates, Hixson, TN, for William E. Bradford.

Jeffrey S. Norwood, Nicholas W. Whittenburg, Miller & Martin, Chattanooga, TN, Claude O. Ramer, II, J.C. Bradford & Co., Nashville, TN, for J.C. Bradford & Co. Inc.

## *MEMORANDUM*

COLLIER, District Judge.

The appellant, William E. Bradford (Bradford) appeals two interlocutory rulings of the United States Bankruptcy Court for the Eastern District of Tennessee (Stinnett, J.). The first ruling stayed the underlying adversary proceeding lawsuit filed by Bradford against defendant-appellee J.C. Bradford and Company, Inc. (the April 14, 1995 Order). The second ruling by the Bankruptcy Court denied a motion by Bradford to stay the court's April 14, 1995 ruling (the May 5, 1995 Order). Bradford timely filed notices of appeal with respect to both orders. On appeal, the cases were consolidated (Court File No. 9).

Jurisdiction to hear appeals from Bankruptcy Court is conferred by 28 U.S.C. § 158. In determining appeals from Bankruptcy Court, this Court sits as an appellate court. It reviews the Bankruptcy Court's findings of fact under a clearly erroneous

## I. *FACTS*

Judge Stinnett's memorandum granting the stay very ably sets out the relevant facts of this case (Memorandum, Court File No. 1, record on appeal, document 1). Because the facts are fully set out in that opinion, the Court will not endeavor to repeat the statement of facts, but will rely upon that statement.

A short summary of that factual iteration is all that is necessary for this decision. Bradford, obtained employment with J.C. Bradford and Company, Inc. (the Company) in early December 1993. He was to start work on January 3, 1994 in the Company's Chattanooga office. On December 21, 1993, Bradford filed a voluntary petition in bankruptcy. The Company learned after Bradford began work that he had filed for bankruptcy. The Company thereafter terminated Bradford's employment. As part of his processing for employment, he signed two documents, the Company's standard form, Broker Trainee Agreement, and a Uniform Application for Securities Industry Registration or Transfer (form U–4), which provided for arbitration of any disputes. Following his termination, Bradford filed an adversary action in bankruptcy against the Company alleging he was fired because of his bankruptcy. The Company filed a motion seeking either dismissal of the action or a stay pending arbitration. Judge Stinnett granted the motion and stayed the adversary proceeding pending arbitration on April 14, 1995. From this decision, Bradford appeals.

Subsequent to the filing of the Notice of Appeal, Bradford moved the Bankruptcy Court to stay its decision. Judge Stinnett considered this motion and denied the request to stay on May 5, 1995. From this decision, Bradford appeals.

## II. DISCUSSION

### A. Jurisdiction

■ As a threshold matter, the Court must first consider the question of jurisdiction. Jurisdiction is conferred upon the district court to hear appeals from judgments, orders, and decrees in Bankruptcy Court. In pertinent part, 28 U.S.C. § 158(a) provides as follows:

> (a) The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of Title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court from other interlocutory orders and decrees....

■ As provided for in section 158, a district court has jurisdiction to hear appeals from either final or interlocutory orders. If the appeal is from a final order then jurisdiction is mandatory. However, if the appeal is from an interlocutory order, the court's jurisdiction is not mandatory and can be invoked only upon leave of the court.

■ For a decision to be final, it must terminate the litigation on the merits. "A 'final' decision generally 'ends the litigation on its merits and leaves nothing for the court to do but execute the judgment.'" *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir.1986), *quoting Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).

■ The parties correctly acknowledge the two orders at issue here are not final decisions, but rather are interlocutory. The Court's review of interlocutory orders is addressed to the district court's discretion. *In re American Freight System, Inc.*, 153 B.R. 316 (D.Kan.1993). Applications for leave to appeal are governed by *Fed.R.Bankr.P.*

8001(b) and 8003(a). If a required motion for leave to appeal is not filed, the district court may treat the timely notice of appeal as a motion for leave to appeal.

### B. Standard for Granting Interlocutory Appeal

■ As indicated above, whether to hear an interlocutory appeal is within the Court's discretion. Typically, federal courts are reluctant to hear interlocutory appeals. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). Such appeals are permissible only in exceptional or extraordinary circumstances. *City Bank and Trust Co. v. Stiles (In re Stiles)*, 29 B.R. 389 (M.D.Tenn.1982) (citing *Cardwell v. Chesapeake and Ohio Railway Co.*, 504 F.2d 444, 446 (6th Cir.1974)). In deciding whether to review an interlocutory appeal, federal courts typically by analogy have relied on 28 U.S.C. § 1292(b). Pursuant to section 1292(b), an appeal may be taken from an interlocutory order only where the order involves (1) a controlling question of law (2) as to which there is substantial ground for a difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Kruckenberg*, 160 B.R. 663 (D.Kan.1993); *In re MCorp. Financial, Inc.*, 139 B.R. 820, 823 (S.D.Tex.1992); *In re Beker Indus. Corp.*, 89 B.R. 336 (S.D.N.Y.1988). The appellant bears the burden of establishing exceptional circumstances warranting review of an interlocutory order.

■ Applying the above standards to this case, the Court must DENY Bradford's appeal. The Court does not find a controlling question of law is involved; the Court does not find there are substantial grounds for a difference of opinion; and lastly, the Court does not find the ultimate termination of this case would be advanced.

Moreover, the standard of review in this instance is an abuse of discretion. Whether to grant arbitration is discretionary with the bankruptcy judge. *Cuvrell v. Mazur (In re F & T Contractors, Inc.)*, 649 F.2d 1229, 1232 (6th Cir.1981). Based on the record of this case, the Court does not find the Bankruptcy Court abused its discretion in ordering this

matter to proceed to arbitration and staying the adversary proceeding pending arbitration.

■ The Court is still left to resolve the appellant's appeal of the Bankruptcy Court's order denying his motion to stay. The three-prong test stated above also applies here. In utilizing that test, the Court does not find this appeal is proper. The criteria governing a motion for a stay under these circumstances is set out in *Fed.R.Bankr.P.* 8005. Under that rule, the appellant must show that (1) he will likely prevail on the merits of the appeal, (2) he will suffer irreparable injury if the stay is denied, (3) other parties will not be substantially harmed by the stay, and (4) the public interest will be served by granting this stay. Judge Stinnett very ably discussed the appellant's motion for a stay and correctly analyzed the motion under the applicable law.

Accordingly, the Court will **DISMISS** both appeals in this case.

An Order will enter.