**In re Alan Wayne GENTRY, Debtor.**

**Alan Wayne GENTRY, Appellant,**

v.

**UNITED STATES of AMERICA, INTERNAL REVENUE SERVICE, Appellee.**

**No. CIV. A. 3:97–0218.**

United States District Court, M.D. Tennessee, Nashville Division.

Aug. 4, 1997.

See also 1995 WL 644045.

W. David Broemel, Nashville, TN, for debtor.

Shannon L. Hough, Washington, DC, for Appellee.

*ORDER*

ECHOLS, District Judge.

 Presently pending before the Court is Debtor/Appellant's Motion for Reinstatement of Appeal in which he requests that this Court grant leave of appeal to consider the Bankruptcy Court's ruling in denying its motion for summary judgment and granting the summary judgment filed by the Internal Revenue Service.[1] The Bankruptcy's Court's Order resolved all of the controversies between the parties in this matter. An order entering summary judgment is final, and the Court's review of an appeal from a final judgment is mandatory. *See In re Bradford*, 192 B.R. 914, 916 (E.D.Tenn.1996).

 Appellee asserts that the Court should nevertheless deny Debtor/Appellant's request for leave to appeal because the case has been converted from a Chapter 7 bankruptcy case into a Chapter 13 case. The issue on appeal is whether the Bankruptcy Court erred in finding that Debtor/Appellant's debt was not dischargeable under 11 U.S.C. § 523. According to Appellee, due to the fact that the case has been converted to a Chapter 13 proceeding, Section 523 is no longer applicable. In support of this proposition, Appellee cites 11 U.S.C. § 1328. Subsection (a) of that statute, the subsection which covers those circumstances where the debtor has completed all payments under a plan, does provide that certain provisions in Section 523 are inapplicable, namely paragraphs (5), (8), and (9) of Section 523(a). *See* 11 U.S.C. § 1328(a)(1). However, Debtor/Appellant is appealing the Bankruptcy Court's application of paragraph (1) of Section 523(a). Subsection (c) also discusses the applicability of Section 523 and provides that all paragraphs of Section 523(a) may be inapplicable. *See* 11 U.S.C. § 1328(c). However, Subsection (c) applies only where a discharge is sought under Subsection (b), *see* 11 U.S.C. § 1328(b) (discussing whether a court can grant discharge where a debtor has not com-

---

1. Debtor/Appellant filed a Motion for Leave to Appeal on February 14, 1997 (Case No. 3:97–0218, Docket Entry No. 2), which was denied. While the Bankruptcy Court's order was a final judgment, in its Motion, Debtor/Appellant stated only that it sought review of the Bankruptcy Court's order denying its summary judgment motion. Denial of a summary judgment motion is typically not a final judgment and appeal of such a judgment is interlocutory. As such, in denying Debtor/Appellant's prior Motion, the Court inadvertently treated the Motion for Leave to Appeal as a request for interlocutory appeal.

pleted his or her payment plans). There is no evidence that Subsection (b) is applicable to this matter at this time. As such, the Court finds that Appellee has failed to demonstrate that the issue on appeal is moot.

Accordingly, leave to appeal by Debtor/Appellant's Motion is GRANTED.

It is so ORDERED.