**In re FIRST ALLIANCE MORTGAGE COMPANY, a California corporation; First Alliance Corporation, a Delaware corporation; First Alliance Mortgage Company, a Minnesota corporation; and First Alliance Portfolio Services, a Nevada Corporation, Debtors.**

**Frank G. Aiello, Nicolena Aiello, et al individually and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**First Alliance Mortgage Company, a California corporation; First Alliance Corporation, a Delaware corporation; First Alliance Mortgage Company, a Minnesota corporation; and Brian Chisick, Defendants.**

**No. SA CV 00–964DOC(EEX).
Bankruptcy Nos. SA 00–12370
LR to SA 00–12373 LR.
Adversary No. SA 00–1659 LR.**

United States District Court,
C.D. California.

Jan. 9, 2002.

Barbara Y.K. Chun, Kenneth H. Abbe, Los Angeles, CA, Julie K. Brof, Seattle, WA, Sarah E. Shaw, Washington, DC, Bonnie S. Kartzman, Jeanne-Marie S. Raymond, John A. Krebs, Anne M. McCormick, Marilyn E. Kerst, Washington, DC, David B. Zlotnick, David B. Zlotnick Law Offices, San Diego, CA, Alan Genitempo, Piro Zinna Cifelli & Paris, Nutley, NJ, Ramona D. Elliott, Washington, DC, Hugh E. Hegyi, Hugh E. Hegyi Law Offices, Phoenix, AZ, Robyn C. Smith, Sabrina S. Kim, Albert N. Shelden, Los Angeles, CA, Herschel T. Elkins, Los Angeles, CA, James D. Newbold, Chicago, IL, Thomas P. James, Chicago, IL, Susan Schneider Thomas, Jeanne A. Markey, Berger & Montague, Philadelphia, PA, Thomas A. Jenkins, Daniel J. Mulligan, Jenkins & Mulligan, San Francisco, CA, David W. Meadows, David W. Meadow Law Offices, Beverly Hills, CA, David M. Paris, Alan Genitempo, Piro Zinna Cifelli & Paris, Nutley, NJ, for plaintiffs.

Evan C. Borges, William N. Lobel, Albert Byung Choi, Michael D. Neue, Michael R. Fehner, Irell & Manella, Newport Beach, CA, Ronald Rus, Joel S. Miliband, Laurel R. Zaeske, Leo J. Presiado, Jame P. Mascaro, Rus Miliband & Smith, Irvine, CA, Stuart P. Jasper, Jasper & Jasper, Irvine, CA, Charles H. Kanter, Heather Chang Whitmore, Elise Lynn Enomoto, Palmieri Tyler Wiener Wilhelm & Waldron, Irvin, CA, Jeffrey A. Robinson, Jeffrey A. Robinson Law Offices, Irvine, CA, Jeffrey S. Jacobovitz, Joseph A. Ingrisano, Washington, DC, Michael J. Mills, Newport Beach, CA, Angel A. Garganta, David M. Balabanian, McCutchen Doyle Brown & Enersen, San Francisco, CA, Sheryl D. Brooks, Jennifer M. Phelps, McCutchen Doyle Brown & Enersen, Los Angeles, CA, for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CHISICK'S MOTION TO DISMISS AND DENYING DEFENDANT CHISICK'S MOTION TO COMPEL ARBITRATION

CARTER, District Judge.

Before the Court is Defendant Brian Chisick's motions to dismiss parts of the Class Plaintiffs complaint and to compel arbitration. After reviewing the moving, opposing, and replying papers, and for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the motion to DISMISS and DENIES the motion to compel.

# I.

## BACKGROUND

Defendants First Alliance Mortgage Company of California, First Alliance Corporation of Delaware, First Alliance Mortgage Company of Minnesota, and First Alliance Portfolio Services of Nevada (collectively, First Alliance) have been in the business of subprime mortgage lending since 1971. First Alliance's customers generally were borrowers who would have had difficulty obtaining loans from conventional sources because of poor credit ratings or insufficient credit histories. The loans, many of which were refinancings by homeowners who had developed significant equity in their homes, typically were secured by the borrowers' first mortgages. As of 1999, First Alliance or affiliated entities were licensed to operate in eighteen states and the District of Columbia and serviced nearly $900 million in loans.

Chisick is the founder and Chief Executive Officer of First Alliance. In recent years, a number of lawsuits were filed against First Alliance, alleging that its lending practices violated various consumer protection laws. First Alliance's lending practices became the focus of national publicity when the *New York Times* and the television program "20/20" carried stories that exposed the company's allegedly deceptive practices and highlighted the number of lawsuits that had been filed against it. A few days later, on March 23, 2000, First Alliance filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, because of the costs associated with the growing number of lawsuits.

Class Plaintiffs filed their complaint and proof of claim in the bankruptcy court. The bankruptcy court denied class certification. This Court reversed, withdrew the reference to the bankruptcy court, and consolidated the claims into this action.

# II.

## MOTION TO DISMISS

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint can be dismissed when the plaintiff's allegations fail to state a claim upon which relief can be granted. The court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). The court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.1993); *Balistreri*, 901 F.2d at 699; *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Truth in Lending Act Claim

Class Plaintiffs first claim for relief is brought pursuant to the Truth in Lending Act (TILA), 15 U.S.C. §§ 1639–1640. TILA gives a private right of action against "any creditor who fails to comply

with any requirement imposed under this part...." *Id.* "The term 'creditor' refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit ... and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable...." 15 U.S.C. § 1602(f).

Here, Chisick is not a creditor because he is not the original person to whom the debt is payable, the Individual Defendants cannot be creditors. Accordingly, Chisick's motion to dismiss Class Plaintiffs' first claim for relief is GRANTED.

## C. Unfair Business Practices Claim

■ Chisick argues that California's claims for Unfair Competition Law (UCL), Cal.Bus. & ProfCode §§ 17200, 17500, must fail because they are predicated on Federal Truth in Lending Act (TILA) claims. Chisick cites *Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230, 236 (10th Cir.1975) to show that a defendant not liable under the TILA cannot be liable under a state regulatory scheme. *Redhouse*, however, does not apply here. The state statute applicable there was the 1953 Utah Uniform Consumer Credit Code(UUCCC), as amended, Utah Code Ann. § 70B–1–101 *et seq.* (repealed 1985). *Redhouse*, F.2d at 233. That statute specifically required that a party be a "creditor" as defined by the TILA and the UUCCC. *See Redhouse*, 511 F.2d at 241 (Doyle, J., dissenting) ("Since it is questionable as to whether Mr. Redd was a creditor under the Act and the regulations, it would seem proper to excuse Mr. Redd from liability personally.")

■ In effect, "the UCL borrows violations of other laws ... and makes those unlawful practices actionable under the UCL." *Lazar v. Hertz Corp.*, 69 Cal. App.4th 1494, 82 Cal.Rptr.2d 368, 375 (1999).[1] However, the fact that a claim is not successful under TILA does not mean that it necessarily fails under the UCL. While it is true that a business practice cannot be unfair if it has been determined by the legislature to be lawful, *id.* at 376, that does not mean that a practice is not unfair unless the legislature has specifically enumerated it as prohibited. Indeed, "[t]he only defense available is that the conduct is not unlawful within" the meaning of the underlying statute. *Hobby Indus. Assn. of Am., Inc. v. Younger*, 101 Cal.App.3d 358, 161 Cal.Rptr. 601, 609 (1980). Chisick does not assert that the alleged conduct was lawful, but only that the TILA enforcement scheme will not hold them liable under federal law. That does not prevent holding him liable under the state's enforcement scheme for unfair business practices.

## D. Preemption

■ Chisick next argues that the TILA preempts state laws. Preemption can occur in two circumstances. "When Congress intends federal law to 'occupy the field,' state law in that area is preempted." *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 372, 120 S.Ct. 2288, 2293, 147 L.Ed.2d 352 (2000). State law is also preempted whenever state law conflicts with federal law making it impossible for a person to comply with both. *Id.*

■ Here, the TILA neither expressly nor impliedly occupies the whole field of regulation. *Black v. Financial Freedom Senior Funding Corp.*, 92 Cal.App.4th 917, 112 Cal.Rptr.2d 445, 460 (2001); *see also Williams v. First Gov't Mortgage and Investors Corp.*, 176 F.3d 497, 500 (D.C.Cir. 1999). TILA in fact specifically allows for

---

1. The UCL may borrow other statutes, but does not buy them wholesale.

state law to supplement its enforcement scheme, stating that it does "not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of the inconsistency." 15 U.S.C. § 1610(a)(1).

Chisick argues that the additional penalties available under Section 17200 are inconsistent with the TILA. Additional penalties are not inconsistent with TILA, but merely provide greater protection to consumers. Section 17200 does not provide inconsistent disclosure requirements. *See Black*, 112 Cal.Rptr.2d at 460 ("an inconsistency or contradiction with federal law does not exist merely because the state requires disclosures in addition to those required by and under TILA.")

TILA and Section 17200 do not conflict either. *Id.* at 461. A Section 17200 claim merely advances the TILA purpose of meaningful disclosure of credit terms by providing increased penalties for non-disclosure. *Id.; see also Williams*, 176 F.3d at 500.

Accordingly, Chisick's motion to dismiss Class Plaintiffs' second and third claims for relief is DENIED.

### E. Unconscionability

■ Chisick contends that there is no independent cause of action for unconscionability, but that it is merely a defense to a breach of contract action. The California Supreme Court, however, allowed such an affirmative claim to go forward in *Perdue v. Crocker National Bank*, 38 Cal.3d 913, 216 Cal.Rptr. 345, 356, 702 P.2d 503

(1985), where it was one of the underlying claims in a complaint for unjust enrichment. Thus, while unconscionability cannot stand alone, it can be the basis for another claim. Because an unconscionable contract would amount to an unfair business practice under Business and Professions Code Section 17200, which Class Plaintiffs allege, their claim for unconscionability cannot be dismissed.

### III.

### MOTION TO COMPEL

■ Chisick seeks to compel arbitration of the class claims against him. In cases governed by the Federal Arbitration Act (FAA) of 1947, federal courts are empowered to compel arbitration and to stay actions arising out of disputes that are subject to an arbitration agreement. 9 U.S.C. § 3. A party aggrieved by another party's failure to submit a dispute to arbitration may petition a district court for an order compelling arbitration. 9 U.S.C. § 4.

■ However, arbitration is not favored in the bankruptcy context. "The decision to compel or deny arbitration is discretionary with the bankruptcy judge. A bankruptcy judge does not abuse his discretion when he refuses to compel arbitration where the determination in such a proceeding would affect the amount, existence and priority of claims to be paid out of the general funds and, thus, involve the interests of other creditors." *In re F & T Contractors, Inc.*, 649 F.2d 1229, 1232 (6th Cir.1981).[2]

---

**2.** For further explanation of the tensions between the Federal Arbitration Act and the Bankruptcy Code, *see* Mette H. Kurth, Comment, *An Unstoppable Mandate and an Immovable Policy: the Arbitration Act and the* *Bankruptcy Code Collide*, 43 U.C.L.A. L.Rev. 999 (1996) (suggesting that judicial discretion for applying the Federal Arbitration Act be exercised unless the adversary proceeding is brought by the debtor in a non-core matter).

**252**

Here, arbitration would undermine the goals of the bankruptcy code and negatively affect the creditors of the First Alliance estate.[3] Litigation of the most substantial claims against the First Alliance are set to be tried by this Court in April. Throughout the Court's administration of this case, it has sought to provide a single forum for adjudication of the claims, in order to facilitate either a global settlement or a speedy adjudication of the claims. This assures that the estate's assets are not dissipated, frustrating the interests of First Alliance's creditors and interest-holders.[4] At the debtor's request, the Court has found several of the individual defendants to be subject to this Court's jurisdiction, and has ordered them brought into this matter. Separating Mr. Chisick now to arbitration would frustrate those purposes and likely require the involvement of many of the same witnesses and parties, including the debtors, further dissipating the estate's assets. This would frustrate the purpose of the bankruptcy laws of preserving the assets of the estate. The Court therefore exercises its discretion to DENY Chisick's motion to compel arbitration.

## IV.

### CONCLUSION

For the foregoing reasons, Chisick's motion to dismiss Class Plaintiffs' first claim for violation of the Truth in Lending Act is GRANTED. Chisick's motion to dismiss Class Plaintiffs remaining claims is DE-

NIED. Chisick's motion to compel arbitration is DENIED.

IT IS SO ORDERED.

---

3. In his motion, Chisick requests the Court to stay the entirety of the action pending the completion of the arbitration. This is a rather large case that includes enforcement actions against First Alliance and several individuals brought by various states, the Federal Trade Commission, and several private claimants. At oral argument, Chisick indicated that he did not intend to stay the actions against First Alliance.

4. Chisick should consider the speedy resolution of this matter a benefit to him as well, not merely for the reduction in time and fees that will result, but because, as the major interest-holder in First Alliance, he stands to receive the lion's share of the estate if the litigation fails.