In re Steven STILES, et ux., Debtors.

**CITY BANK & TRUST COMPANY,**
**Plaintiff and**
**defendant-by-counterclaim-appellee,**

v.

**Steven STILES, Defendant and**
**plaintiff-by-counterclaim-appellant.**

Civ. A. No. 82–3995.
Bankruptcy No. 381–01617.
Adv. No. 381–0345.

United States District Court,
M.D. Tennessee,
Nashville Division.

Dec. 15, 1982.

James E. Kirby, Nashville, Tenn., and Gary V. Conchin, Huntsville, Ala., for plaintiff and defendant-by-counterclaim-appellee.

B. Timothy Pirtle, McMinnville, Tenn., and Robert S. Patterson, Nashville, Tenn., for defendant and plaintiff-by-counterclaim-appellant.

## MEMORANDUM OPINION AND ORDER OF REMAND

NEESE, Senior District Judge, Sitting by Designation.

The appellant Mr. Stiles seeks to appeal from the order of a bankruptcy judge of this district denying his demand for a trial by jury. For the reasons stated hereinbelow, such appeal hereby is DISMISSED, and this action hereby is

REMANDED to the bankruptcy court for further proceedings.

■ "* * * It is firmly established that denial of a jury demand is a nonappealable interlocutory order. * * *" *Cochran v. Birkel,* 651 F.2d 1219, 1221[1] (6th Cir.1981), citing *Morgantown v. Royal Insurance Co.,* 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949). Therefore, Mr. Stiles has no appeal of right from the order of the bankruptcy judge and his giving of a notice of such an appeal was improper.

■ Appeals from interlocutory orders of bankruptcy courts are permitted but only upon leave of the district court to which the appeal is taken, 28 U.S.C. § 1334(b); Interim Bankruptcy Rule 8004(a); thus, the proper procedure would have been for Mr. Stiles to have filed an application for leave to take an interlocutory appeal in accordance with Interim Bankruptcy Rules 8004(a), (b). The Court deems the timely[1] notice of appeal given by Mr. Stiles to be a proper application for leave to so appeal. Interim Bankruptcy Rule 8004(d).[2]

■ The statute, authorizing interlocutory appeals from bankruptcy courts, specifies no standards to guide the first appellate court in its determination of whether leave to so appeal should be granted or withheld and, thus, places no restrictions on the type of interlocutory orders which may be immediately appealable. *In Re Casco Bay Lines, Inc.,* 8 B.R. 784, 786 (Bkrtcy. App.R. 1st Cir.1981). "* * * Nevertheless, the statute was clearly not intended to open the floodgates to permit large numbers of interlocutory appeals. To do so would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation. * * *" *Id.*

■ In the federal system, "* * * piecemeal appeals have never been encouraged." *Morgantown v. Royal Insurance Co., supra,* 337 U.S. at 258, 69 S.Ct. at 1070. Even where interlocutory appeals may be granted, they are permissible only in exceptional or extraordinary situations. *Cardwell v. Chesapeake & Ohio Railway Co.,* 504 F.2d 444, 446 (6th Cir.1974); *Wagner v. Burlington Industries, Inc.,* 423 F.2d 1319, 1322, n. 5 (6th Cir.1970); *Kraus v. Board of County Road Commissioners,* 364 F.2d 919, 922[1] (6th Cir.1966). The same standard applies in bankruptcy appeals. *See In Re Casco Bay Lines, Inc., supra.*

The appellant offers no reason why an interlocutory appeal should be permitted herein: he does not claim the existence of exceptional circumstances, and none is apparent to the Court. All that is involved is a routine, pretrial order of the Bankruptcy Court.

---

1. In the Bankruptcy Court, some question was raised as to the timeliness of the notice of appeal. *See* Rules of Bankruptcy Procedure, Rule 802(a); this Court determined that the notice was timely, since the 10th day fell on a Sunday and the following day, (Monday, October 11, 1982) Columbus Day, was a legal holiday.

2. "* * * If a timely notice of appeal is filed where the proper mode of proceeding is by an application for leave to appeal under this rule, the notice of appeal shall be deemed a timely and proper application for leave to appeal. * * *" Interim Bankruptcy Rule 8004(d).

Rulings, granting or denying jury trials, " * * * are subject to the most exacting scrutiny on appeal." *Morgantown v. Royal Insurance Co., supra.* If the bankruptcy court erred, and if Mr. Stiles is harmed thereby, such can be remedied on an appeal for a final judgment. This Court sees no reason to depart from general rule discouraging interlocutory appeals, and therefore hereby

DENIES leave for an interlocutory appeal herein.

