**In re KESSLER, INC., Debtor.**

**KESSLER, INC., Appellant,**

v.

**UNITED STATES TRUSTEE, Appellee.**

**Bankruptcy No. SK 90–85593.**
**No. 1:91–CV–678.**

United States District Court,
W.D. Michigan, S.D.

March 16, 1992.

Robert A. Hendricks, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for appellant.

Michael V. Maggio, Office of the U.S. Trustee, Grand Rapids, Mich., for appellee.

## OPINION

ROBERT HOLMES BELL, District Judge.

This bankruptcy appeal raises the issue of whether administrative claimants have standing to bring a claim under 11 U.S.C. § 506(c). Although this issue has been addressed by all of the bankruptcy judges in this district [1], it is an issue of first impression for this court [2] and this Circuit.

### I. Facts

Kessler, Inc., ("Debtor"), a manufacturer of children's clothing, filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on December 12, 1990. The law firm of Varnum, Riddering, Schmidt and Howlett ("the Firm"), represented the debtor and was instrumental in arranging for the sale of debtor's business assets as a going concern. Norwest Business Credit, Inc., one of debtor's principal creditors, was substantially benefitted by the efforts of the Firm.

---

1. *See In re Great Northern Forest Products, Inc.,* 135 B.R. 46 (Bkrtcy.W.D.Mich.1991) (Gregg, J.); *In re Interstate Motor Freight Sys., IMFS, Inc., (Interstate II),* 86 B.R. 500 (Bkrtcy.W.D.Mich. 1988) (Howard, J.); *In re Interstate Motor Freight Sys., IMFS, Inc., (Interstate I),* 71 B.R. 741 (Bkrtcy.W.D.Mich.1987) (Howard, J.); *In re Wyckoff,* 52 B.R. 164 (Bkrtcy.W.D.Mich.1985) (Nims, J.).

2. Appellants argue that this Court adopted the rule that administrative claimants may make claims under § 506(c) in *In re Brown Brothers, Inc. (McAlpine v. Comerica Bank—Detroit),* 136 B.R. 470, 474 (W.D.Mich.1991) (Enslen, J.). This Court agrees with the bankruptcy court's determination that standing under § 506(c) was not at issue in *Brown Brothers,* and that the portion of the court's opinion regarding standing under § 506(c) is dictum and had no precedential effect on the proceeding before the bankruptcy court in this case. *See also Great Northern Forest Products,* 135 B.R. at 69 n. 29.

On February 19, 1991, immediately before the case was converted to Chapter 7, the Debtor and Norwest presented the bankruptcy court with a Stipulation to Acknowledge Section 506(c) Claim and to Provide for Payment of Such Claim, whereby Norwest agreed to directly reimburse the Firm for a portion of the Firm's expenses, not to exceed $35,000, incurred in conducting the sale of Debtor's assets.

The bankruptcy court initially signed an order approving the § 506(c) stipulation. However, the United States Trustee filed a motion for reconsideration, contending that the order had been improperly entered without notice, that the debtor's attorneys had no right to pursue § 506(c) claims on their own behalf and that the right to collect a § 506(c) claim belonged solely to the Chapter 7 Trustee.

The bankruptcy court held 2 hearings on the motion for reconsideration, and on May 8, 1991, entered an order granting the U.S. Trustee's motion for reconsideration and vacating the February 19, 1991 order approving the 506(c) stipulation. The Debtor's attorneys filed an appeal from the May 8, 1991 order.

## II. Jurisdiction

As a preliminary matter, this Court must determine whether it has appellate jurisdiction over this matter. 28 U.S.C. § 158(a) provides that district courts have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges.

Appellee, United States Trustee, contends that the Court does not have appellate jurisdiction because the May 8, 1991 order did not result in a final denial of compensation to the Firm for the services provided, as the bankruptcy court has not yet determined what compensation is owing to the Firm or how much the Firm will receive from the assets of the estate.

Appellant, on the other hand, contends that the order was a final appealable order because it finally determined the Firm's right to collect the § 506(c) claim from Norwest.

Courts apply a liberal and flexible standard of finality in reviewing orders in bankruptcy cases. *In re Muncrief,* 900 F.2d 1220, 1224 (8th Cir.1990); *In re Adams Apple, Inc.,* 829 F.2d 1484, 1487 (9th Cir.1987). Finality in the bankruptcy context "should be viewed functionally." *In re Cottrell,* 876 F.2d 540, 541 (6th Cir. 1989). Finality is considered in a more pragmatic and less technical way in bankruptcy cases than in other situations. *Id.* at 541–42.

The finality requirement refers not to the overall bankruptcy case but to the particular adversary proceeding or discrete controversy pursued within the framework cast by petition. *In re Durability, Inc.,* 893 F.2d 264, 266 (10th Cir. 1990). An order is final if it is distinct and conclusive of the substantive rights of individuals. *Adams Apple,* 829 F.2d at 1487. A final order is one which effectively resolves the principal merits of a controversy. *Muncrief,* 900 F.2d at 1224.

As the Sixth Circuit recently noted in *In re Boddy,* 950 F.2d 334, 336 (6th Cir.1991), interim fee awards are interlocutory orders not subject to review. Nevertheless, an order of compensation may be considered final when the order is no longer subject to modification by the bankruptcy court. *Id.*

The U.S. Trustee characterizes the May 8, 1991 order as an interlocutory order denying interim compensation to the debtor's counsel under 11 U.S.C. § 506(c). The Court does not agree with this characterization. It is not the bankruptcy court's interim fee awards that are in dispute. The dispute involves the Firm's right to collect a portion of those fees directly from a secured creditor under § 506(c).

This discrete issue has been finally decided by the bankruptcy court's May 8, 1991 order. The Court concludes that the bankruptcy court's ruling that the Firm does not have standing to bring a claim under § 506(c) is sufficiently final, and that this Court has jurisdiction to decide the appeal on its merits.

This conclusion is in keeping with the Supreme Court's *Gillespie* doctrine which provides that courts may decide the merits in cases of marginal finality where

the course of litigation would be impeded, rather than advanced, by dismissing the appeal. *In re Vause,* 886 F.2d 794, 798 (6th Cir.1989) (citing *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152–54, 85 S.Ct. 308, 310–12, 13 L.Ed.2d 199 (1964)).

Given the bankruptcy court's observation that the Firm is unlikely to have full recovery from the estate, the Court finds that the danger of denying justice by delay outweighs the inconvenience and costs of piecemeal review, particularly here where the question on appeal is fundamental to the further outcome of the case.

### III. The Merits

■ The issue on appeal is whether administrative claimants have standing to bring a claim under § 506(c). This issue of statutory interpretation is a question of law which this Court reviews *de novo. In re Vause,* 886 F.2d 794, 798 (6th Cir.1989); *In re Caldwell,* 851 F.2d 852, 857 (6th Cir.1988) (and cases cited therein).

The bankruptcy court held that § 506(c) is limited to trustees and debtors in possession. Because appellant is neither of these, the bankruptcy court denied appellant's stipulation for direct payment under this section.

The cases are divided on the issue of whether a party other than the trustee or debtor in possession may be able to surcharge a secured creditor's collateral pursuant to § 506(c).[3] All the bankruptcy judges in this district are in agreement that § 506(c) standing is limited to the trustee. *See In re Great Northern Forest Products, Inc.,* 135 B.R. 46, 69 n. 29 (Bkrtcy. W.D.Mich.1991) (citing cases).

The starting point in determining legislative intent is the language of the statute itself. *United States v. Ron Pair Enterprises,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989); *In re Mansfield Tire & Rubber Co.,* 942 F.2d 1055, 1058 (6th Cir.1991). The clear language of the statute limits 506(c) to trust-

ees.[4] The language of section 506(c) provides:

(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

The statute is silent as to whether any other entity may proceed under this section.

This Court agrees with the bankruptcy court that the express language of § 506(c) is clear and unambiguous and does not support direct payment to the Firm of 506(c) expenses.

The plain language of the statute, however, is not conclusive in those rare cases in which the literal application of the state will produce a result demonstrably at odds with the intentions of its drafters. *In re Mansfield,* 942 F.2d at 1059. Accordingly, the Court must examine the legislative history to ascertain whether the congressional intent is consistent with the language of the statute. *Vause,* 886 F.2d at 803 n. 11 (citing *United States v. Stauffer Chemical Co.,* 684 F.2d 1174, 1183 (6th Cir.1982), *aff'd,* 464 U.S. 165, 104 S.Ct. 575, 78 L.Ed.2d 388 (1984)).

The intention of the drafters is expressed in the legislative history of § 506(c):

Any time the trustee or debtor in possession expends money to provide for the reasonable and necessary cost and expenses of preserving or disposing of a secured creditor's collateral, the trustee or debtor in possession is entitled to recover such expenses from the secured party or from the property securing an allowed secured claim held by such party.

124 CONG.REC.H. 11,095, 11,111, 11,112 (Sept. 28, 1978) (statement of Rep. Edwards), *reprinted in* U.S.Code Cong. & Admin.News 5787, 6436, 6451. The inten-

---

**3.** *See Great Northern,* 135 B.R. at 62–63 (citing cases).

**4.** Although the express language of § 506(c) only mentions the trustee, since 11 U.S.C. § 1107(a) gives the debtor in possession the

same rights and powers as a trustee, a debtor in possession is also permitted to surcharge a secured creditor's collateral. In this opinion, whenever "trustee" is referred to, it is intended to include a chapter 11 debtor in possession.

tion of the drafters is consistent with the plain language of the statute.

Limiting standing to the trustee is also consistent with the fundamental policy expressed in § 726(b) the Bankruptcy Code that similarly situated creditors be reimbursed on a pro-rata basis. *In re Interstate Motor Freight Systems, IMFS, Inc. (Interstate I)*, 71 B.R. 741, 744 (Bankr. W.D.Mich.1987). A § 506(c) recovery to only one creditor would violate the Code's equality of distribution requirements. *Id.; See also Great Northern Forest Products*, 135 B.R. at 63 & 66.

■ A strict interpretation is also consistent with the fact that section 506(c) is an exception to the general rule in bankruptcy that administrative expenses or general costs of reorganization may not generally be charged against secured collateral. *See Matter of Trim–X, Inc.*, 695 F.2d 296, 301 (7th Cir.1982). Because it is an exception, the rule should be narrowly construed.

■ It also appears that the argument for allowing administrative claimants to obtain reimbursement under § 506(c) improperly presumes that the underlying purpose of § 506(c) is to reimburse administrative claimants for services which benefit a secured creditor. However, § 506(c) is designed not to reimburse individual administrative claimants, but to reimburse the estate. *In re Interstate Motor Freight System, IMFS, Inc. (Interstate II)*, 86 B.R. 500, 504 (Bkrtcy.W.D.Mich.1988). A fundamental policy found in the overall structure of the Bankruptcy Code is the equality of distribution to similarly situated creditors. *Vause*, 886 F.2d at 803; *Interstate II*, 86 B.R. at 503–04. *See* 11 U.S.C. § 726(b) and § 1123(a)(4). Although appellant correctly points to situations where the pro rata rule is not strictly followed, it is not up to this Court to decide where to make additional exceptions.

Appellant argues that a limited reading of § 506(c) will result in a windfall for the secured creditor at the expense of the administrative claimant. The Court is not unmindful that some of the equities favor appellant's position. Nevertheless, the bankruptcy court must apply the statute as written by Congress. A bankruptcy court cannot use equitable principles to disregard unambiguous statutory language. *In re C–L Cartage Co., Inc.*, 899 F.2d 1490, 1494 (6th Cir.1990). Whatever equitable powers the bankruptcy court has "must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988). It "transcends the judicial function" to enlarge a statute to supply omissions which the Court may feel were inadvertently omitted by Congress. *Vause*, 886 F.2d at 803 n. 17 (citing *Wolf Creek Collieries v. Robinson*, 872 F.2d 1264, 1269 (6th Cir. 1989)).

The Court recognizes that its determination that only trustees have standing to proceed under § 506(c) is in conflict with the law expressed by the four circuit courts that have addressed the issue. *See In re Palomar Truck Corp.*, 951 F.2d 229 (9th Cir.1991); *In re Parque Forestal, Inc.*, 949 F.2d 504 (1st Cir.1991); *Matter of Delta Towers Ltd.*, 924 F.2d 74 (5th Cir.1991); *In re McKeesport Steel Castings Co.*, 799 F.2d 91, 94 (3rd Cir.1986). In *McKeesport* the Third Circuit allowed a utility company which had continued to provide gas service to the debtor-in-possession pursuant to the bankruptcy court's orders to bring a § 506(c) action where neither the debtor-in-possession nor a creditors committee had reason to make a claim on the utility company's behalf. 799 F.2d at 94. *McKeesport* was followed without additional analysis in *Palomar, Parque Forestal*, and *Delta Towers*.

Despite the number of circuits adopting the contrary position, this Court finds the analysis contained in *Interstate I*, 71 B.R. at 742–45, *Interstate II*, 86 B.R. at 503–06, and *Great Northern Forest Products*, 135 B.R. at 62–69, to be far more comprehensive and persuasive than the analysis in *McKeesport* and its progeny.

Moreover, the circuit court cases which have allowed administrative claimants standing under § 506(c) do not support the appellant's position in this case. In each of the circuit court cases standing was al-

lowed to administrative claimants only where there was a determination that the trustee or debtor-in-possession had refused to seek payment or had no incentive to seek payment from the benefitted secured creditor.

No such refusal can be found in this case. In fact, the bankruptcy court in the case at bar found that the Trustee had evidenced an "extreme interest" in collecting the 506(c) claim. (Tr. 5/8/91, p. 13). ▮ Appellant counters with the contention that there is the equivalent of a refusal in this case because the Trustee is in fact unable to recover a § 506(c) claim. According to the appellant, the trustee cannot bring a 506(c) claim because it did not make an expenditure from the estate for the benefit of Norwest.

Appellant's argument is not supported by the statute, legislative history or case law. Moreover, appellant's argument would lead to the strange result of giving administrative claimants greater authority to seek a surcharge under § 506(c) than that held by the trustee and debtor in possession, who are the only persons expressly authorized by statute to seek the surcharge.

This Court is satisfied that the bankruptcy court correctly determined that appellant was not entitled to seek recovery from a secured party's collateral under § 506(c). Accordingly, the bankruptcy court order of May 8, 1991, must be affirmed. An order consistent with this opinion will be entered.