In re Bernard L. COTE, Debtor.

Bernard L. COTE, Appellant,

v.

Richard J. HANSON, Appellee.

Bankruptcy No. 95–41155–JFQ.

B.A.P. No. 96–015.

United States Bankruptcy Appellate Panel of the First Circuit.

Sept. 12, 1996.

Gregory M. Sullivan, Brown & Brown, P.C., Bedford, MA, for debtor.

Stephen M. Rodolakis, Trustee, Peters, Barnhill & Rodolakis, Worcester, MA.

Before VOTOLATO, LAMOUTTE, and VAUGHN, Bankruptcy Judges.

### ORDER DENYING MOTION FOR LEAVE TO APPEAL

VOTOLATO, Chief Judge.

Before the Court is the Motion of Bernard L. Cote for leave to appeal an Interlocutory Order of the Bankruptcy Court for the District of Massachusetts entered on July 8, 1996. By said motion, the Bankruptcy Court granted the Appellee's request for an order mandating that within 48 hours Cote vacate the premises located at 225 Groton Road, Westford, Massachusetts. On July 17, 1996, Mr. Cote filed a Notice of Appeal, and the instant Motion for Leave to Appeal.

### DISCUSSION

Appeals from orders of the Bankruptcy Court are governed by 28 U.S.C. § 158 which states in part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from final judgments, orders, and decrees;
> >
> > (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 . . . ; and
> >
> > (3) with leave of the court, from other interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

28 U.S.C. § 158(a). The creation and operation of bankruptcy appellate panels is provided for under 28 U.S.C. § 158(b) and "provides that appeals under subsection (a) shall be heard by the bankruptcy appellate panel pursuant to subsection (b) unless the parties elect to have the appeal heard by the district court...." *Cadle Co. v. Miraj & Sons, Inc. (In re Miraj & Sons, Inc.),* B.A.P. No. MW 96–009, p. 5 (1st Cir. BAP August 21, 1996).

Part VIII of the Federal Rules of Bankruptcy Procedure control appeals to bankruptcy appellate panels (and district courts), and Rule 8001(b) provides that "[a]n appeal from an interlocutory judgment, order or

decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a) shall be taken by filing a notice of appeal ... accompanied by a motion for leave to appeal prepared in accordance with Rule 8003...." Fed.R.Bankr.P. 8001(b). Rule 8003 sets forth the requirements of motions for leave to appeal:

> (a) Content of Motion; Answer. A motion for leave to appeal under 28 U.S.C. § 158(a) *shall contain:* (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Fed.R.Bankr.P. 8003(a) (emphasis added). "The function of such a motion is to explain to the bankruptcy appellate panel why it is that, notwithstanding the historic federal policy (and current bankruptcy policy) against piecemeal appeals, the order in question should be reviewed immediately." *In re Miraj & Sons,* at 6.

The motion at bench fails, under any stretch of imagination, to comply with Rule 8003(a). The most glaring deficiency is the omission of a statement of facts necessary to understand the question to be presented by the appeal. The Appellant presents only two facts in his motion: (1) a Chapter 11 bankruptcy petition was filed on March 17, 1995, which subsequently converted on February 22, 1996, to Chapter 7; and (2) "On July 8, 1996 the U.S. Bankruptcy Court (Judge James F. Queenan) ordered the appellant/debtor to vacate his place of business at 225 Groton Road, Westford, Massachusetts within forty-eight (48) hours." In support of why an appeal should be granted, the Appellant merely states that "the debtor will be injured seriously if he must vacate the property without having full and final hearing on these matters."

The Appellant has fallen far short of his obligation to provide information necessary to rule on his request. Accordingly, the Motion for Leave to Appeal must be and is DENIED. *See* Fed.R.Bankr.P. 8003(a); *Gold v. Ladney (In re Michigan Molded*

*Plastics, Inc.,* 1995 WL 871181, *4 (E.D.Mich.1995) (denying a motion for leave to appeal because it failed to contain a copy of the order or judgment appealed from, as required under Fed.R.Bankr.P. 8003(a)).

SO ORDERED.