In re BIG RIVERS ELECTRIC
CORPORATION, Debtor.

BIG RIVERS ELECTRIC
CORPORATION,
Appellant,

v.

J. Baxter SCHILLING, Appellee.

No. CIV. A. 4:99CV–175–M.

United States District Court,
W.D. Kentucky,
Owensboro Division.

March 20, 2000.

## MEMORANDUM OPINION
## AND ORDER

McKINLEY, District Judge.

This matter is before the Court on the Appellee's motion to dismiss. DN 3. Big Rivers Electric Corporation (Big Rivers), the Appellant, filed a response to this motion, DN 7, to which the Appellee replied. DN 11. Therefore, this matter is now ripe for decision. For the following reasons, the motion to dismiss is **DENIED**.

This appeal constitutes one of a number of appeals relating to the bankruptcy court proceedings involving Big Rivers. Here, Big Rivers challenges the bankruptcy court's order requiring it to pay interim fees to the examiner's counsel. The Court previously denied Big Rivers request for a stay of this order pending appeal. *See Big Rivers Elec. Corp. v. J. Baxter Schilling (In re Big Rivers Elec. Corp.),* No. 4:99MC–3–M (W.D.Ky. August 13, 1999). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. This section provides that the district courts shall have "jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of court from interlocutory orders and decrees" referred to the bankruptcy court. 28 U.S.C. § 158(a). This statute further provides that appeals from the bankruptcy court shall proceed in the same manner that appeals in civil proceedings are taken to the courts of appeals from the district courts. 28 U.S.C. § 158(c). For a statement of facts, the Court will rely on the facts as set forth in its prior opinion denying the motion to stay.

## I. *Appeal as a Matter of Right*

■ Initially, the Appellee, J. Baxter Schilling (Schilling), asserts that the issue of interim fees of the examiner's counsel is an interlocutory order not subject to appeal. Big Rivers, however, contends that the order finally disposes of and conclusively determines two distinct legal issues that substantively affect its rights. The first issue relates to the power of the bankruptcy court to entertain the motion to compel. The second pertains to the issue of whether Big Rivers must pay and Schilling is entitled to receive additional compensation.

■ In the context of a bankruptcy case, a final judgment or order is one that "finally disposes of discrete disputes within a larger case." *Lindsey v. OBrien, Tanski, Tanzer & Young Health Care Providers of Connecticut (In re Dow Corning Corp.)*, 86 F.3d 482, 488 (6th Cir.1996). The Sixth Circuit has opined that "an interim award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order not subject to review." *In re Boddy*, 950 F.2d 334, 336 (6th Cir.1991). However, the Court recognized that an interim compensation award may be final if it conclusively determines the amount of compensation to be paid to the attorney and is no longer subject to modification by the bankruptcy court. *Id.* at 336.

The award of compensation to the examiner's counsel is interim and, therefore, an interlocutory order not subject to appeal. *See Stable Mews Assocs. v. Togut (In re Stable Mews Assocs.)*, 778 F.2d 121, 122–23 (2nd Cir.1985) (holding interlocutory district court's order approving bankruptcy court's interim award of fees to trustee who also served as the attorney for the trustee). The order provides that the examiner's counsel shall submit to Big Rivers monthly billings related to services rendered. It also states that "within ten (10) days after the Examiner's Counsel tenders to Big Rivers Electric Corporation his monthly billing for such services rendered in this case, including all appeals in which the Examiner is a party or participant, Big Rivers Electric Corporation shall pay, in full, such tendered monthly billings." The order does not conclusively determine the amount of compensation to be paid to the examiner's counsel. In fact, the order awarding interim fees specifically states that it is subject to further modification by the bankruptcy court. The order requires the examiner's counsel to file interim fee applications for his services approximately every six months and to serve such applications on Big Rivers, its counsel, and the United States Trustee. Finally, the order states "if an objection to such an interim fee application is made and is allowed by the Court, the Examiner's Counsel shall disgorge all such disallowed fees." Thus, Big Rivers could raise an objection, and the bankruptcy court could agree with their position and order that the examiner's counsel repay all, or a portion, of the fees previously paid pursuant to the court's order.

Big Rivers argument that the bankruptcy court finally and conclusively determined two discrete issues is without merit. First, the bankruptcy court did not determine that it had jurisdiction to compel payments to Schilling as the examiner and entitle him to additional compensation. Big Rivers contends that the distinction between Schilling as the examiner and Schilling as counsel for the examiner is irrelevant. It argues that Schilling ultimately receives additional compensation as the only employee of the law firm of J. Baxter Schilling and that his ability to receive additional compensation is currently on appeal.

As the Court previously noted in ruling on the motion to stay, a distinction exists between Schilling's fees as the examiner and his fees as counsel for the examiner. While the parties appealed the issue of the examiner's fees, both past and future, to this Court, such an appeal does not prevent the bankruptcy court from ordering Big Rivers to pay fees of the examiner's counsel. The filing of an appeal divests the bankruptcy court of jurisdiction over those aspects of the case involved in the appeal, but the bankruptcy court retains jurisdiction over other issues not presented in the appeal. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (district court had authority to alter motion to dismiss even though contempt judgment had been appealed); *In re Hardy*, 30 B.R. 109, 111 (Bankr.S.D.Ohio 1983) (holding bankruptcy court has power to address issues raised that do not affect the question presented on appeal to the district court). Thus, the bankruptcy court could order the payment of fees to the examiner's counsel without disrupting this Court's jurisdiction over the appeal of the issue of the examiner's fee.

Secondly, the bankruptcy court's order does not finally and conclusively determine that Big Rivers must pay Schilling additional compensation. Big Rivers reliance on *Kessler Inc. v. United States Trustee (In re Kessler)*, 142 B.R. 796 (W.D.Mich. 1992) is misplaced. In *Kessler*, the debtor and a creditor filed a stipulation which provided that the creditor would pay a portion of the debtor's counsel's fees incurred during the sale of the debtor's assets as permitted by 11 U.S.C. § 506(c). The bankruptcy court initially approved the stipulation, but later vacated the order following a motion for reconsideration filed by the U.S. Trustee. The debtor then appealed. The district court found that it had jurisdiction over the appeal. The court concluded that the order denying the fees under § 506(c) was a final and appealable order. After noting Sixth Circuit case law that interim fee awards are interlocutory and not subject to review, the court rejected the trustee's argument that the order was an interlocutory order denying interim compensation. The court opined "[i]t is not the bankruptcy court's interim fee awards that are in dispute. The dispute involves the Firm's right to collect a portion of those fees directly from a secured creditor under § 506(c). This discrete issue has been finally decided by the bankruptcy court's ... order." *Id.* at 798.

In the present case, the examiner's counsel did not seek an award of fees directly from a creditor under § 506(c), or any other statutory provision. As discussed above, the bankruptcy court did not finally and conclusively decide the issue of the examiner's counsel's entitlement to such fees. The order specifically provides a mechanism for Big Rivers to object to the fees and for disgorgement of all, or a portion, of the fees. An order from the bankruptcy court disgorging all of the fees would, in effect, be a ruling that the examiner's counsel is not entitled to any additional compensation. Thus, the fees in dispute are interim fees awarded by the bankruptcy court pursuant to 11 U.S.C. § 331. As the *Kessler* case explained, interim fee awards are interlocutory and not subject to review. *Kessler*, 142 B.R. at 798.

Lastly, Big Rivers contends that it may appeal the bankruptcy court's order as a matter of right under 28 U.S.C. § 1292(a)(1) because the order is a preliminary injunction. Big Rivers asserts that an injunction is an order not only prohibiting certain conduct, but also commanding it. Here, the order commands Big Rivers

to pay fees of the examiner's counsel. While the order does command certain conduct, the Court does not believe that it is an injunction given the nature and context of bankruptcy court proceedings. If the Court were to so rule, such a decision would implicitly reject and overrule those cases which hold that interim fee awards are interlocutory orders not subject to appeal. Therefore, Big Rivers cannot appeal the bankruptcy court's order under 28 U.S.C. § 1292(a)(1).

## II. *Leave to Appeal from an Interlocutory Order*

As another basis for dismissal, Schilling contends that the Court should not grant leave to appeal. However, Big Rivers asserts that under Federal Rule of Bankruptcy Procedure 8003(c), the Court may treat its notice of appeal as a motion for leave to appeal. Big Rivers contends that the Court should grant such a motion because the order contains controlling questions of law as to which there is a substantial ground for difference of opinion and an appeal of these issues will materially advance the ultimate termination of the litigation.

Federal Rule of Bankruptcy Procedure 8001(b) states "[a]n appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal ... accompanied by a motion for leave to appeal." Big Rivers failed to file a motion for leave to appeal from the interlocutory order awarding interim compensation to the examiner's counsel. However, Federal Rule of Bankruptcy Procedure 8003(c) allows the district court to treat a timely notice of appeal as a motion for leave to appeal. Therefore, because Big Rivers timely filed its notice of appeal. the Court will construe this notice as a motion for leave to appeal

pursuant to Federal Rule of Bankruptcy Procedure 8003(c).

28 U.S.C. § 158(a) provides that the district court may grant leave to hear appeals from interlocutory orders. This statute, however, fails to provide standards for determining when the court should grant leave to appeal. Other courts have relied on the standards found in 28 U.S.C. § 1292(b) when addressing this issue in the bankruptcy context. *Mid–Continent Racing & Gaming Co. I v. Sunflower Racing, Inc. (In re Sunflower Racing, Inc.)*, 218 B.R. 972, 977 (D.Kan.1998); *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840, 843 (6th Cir. BAP 1998); *In re Dino's, Inc.*, 183 B.R. 779, 781 (S.D.Ohio 1995). These standards require a court to consider whether the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b); *see also In re Wicheff*, 215 B.R. at 844. An issue of law is controlling if its incorrect disposition amounts to reversible error on appeal. *United States Trustee v. PHM Credit Corp. (In re PHM Credit Corp.)*, 99 B.R. 762, 768 (E.D.Mich.1989); *Anderson v. Duvoisin (In re Southern Indus. Banking Corp.)*, 70 B.R. 196, 201 (E.D.Tenn.1986). However, "a growing number of decisions has accepted the rule that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." *In re PHM*, 99 B.R. at 768; 16 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3930 at 426 (2nd ed.1996). The decision regarding a motion for leave is a matter within the full discretion of the court and should only be granted in exceptional or extraordinary situations. *Brad-*

*ford v. Bradford & Co. (In re Bradford),* 192 B.R. 914, 916 (E.D.Tenn.1996); *City Bank & Trust Co. v. Stiles (In re Stiles),* 29 B.R. 389, 390 (M.D.Tenn.1982).

Big Rivers contends that the bankruptcy court's order involves controlling questions of law to which a substantial difference of opinion exists. The issues of law include whether the court had jurisdiction to entertain the motion to compel and whether the court should have denied the motion to compel on the merits. Big Rivers further maintains that the resolution of these issues would materially advance the termination of the litigation.

■ The Court agrees that leave to appeal is warranted under the circumstances of this case. While the Court has previously expressed its opinion that the bankruptcy court had jurisdiction to enter an order for payment of interim fees to the examiner's counsel, the issue of the propriety of the bankruptcy court's order is an issue of law over which a substantial difference of opinion exists. Deciding this issue now could avoid future time and expense to the parties in compiling and arguing the amount of such fees before the bankruptcy court. Also, consideration of this issue now would save time for this Court. It is very likely that the final ruling of the bankruptcy court on this issue will be appealed. The Court simply would delay the inevitable by refusing to grant leave. Most importantly, granting leave to appeal these issues may bring about a final resolution to Big Rivers' Chapter 11 bankruptcy. The bankruptcy court confirmed Big Rivers' plan of reorganization on June 9, 1997, and it became effective on July 17, 1998. The only issues pending before the bankruptcy court that the Court is aware of relate to fees of the professionals hired to assist Big Rivers during its reorganization. Furthermore, many of the issues pertinent to the bankruptcy court's order directly relate to the issues contained in the consolidated appeal from the bankruptcy court's order awarding fees and an enhancement to the examiner, *United States of America, et. al. v. Schilling,* No. 4:99CV–117–M. Contemporaneous consideration of these two cases may avoid any potential for inconsistencies. Thus, the Court finds that addressing this issue now will materially advance the termination of this bankruptcy case and serve the interests of justice.

For the foregoing reasons, IT IS HEREBY ORDERED that

1) the Appellee's motion to dismiss this appeal, DN 3, is **DENIED**.