**Josiah L. MASON, Trustee,**
**for Richland Hospital,**
**Inc., Appellee,**

v.

**Walter MASSIE, et al., Appellants.**

**No. 1:04 CV 0697.**

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 2, 2005.

Bruce J.L. Lowe, Taft, Stettinius & Hollister, Cleveland, OH, for Appellants.

David L. Simiele, Krugliak, Wilkins, Griffiths & Dougherty, Canton, OH, for Appellees.

## ORDER DENYING APPELLANTS' MOTION FOR LEAVE TO APPEAL

WELLS, District Judge.

Before this Court is appellants' Motion for Leave to Appeal from a Bankruptcy Court's Order denying their Motion for Order Directing Trustee to Pay Defendants' Attorneys' Fees, filed by David Massie, Walter Massie, Edward R. Adams, Mary Jo Pentz, Joann C. Smith, and Rudolpho S. Vocal, deceased, (collectively "Board Group"). (ECF # 1). Appellee Josiah L. Mason ("Trustee") and cross-claimant, Ohio State Attorney General ("Attorney General") filed briefs in opposition to the Board Group's Motion for Leave to Appeal. (ECF # 1). The Board Group filed replies to both briefs in opposition. (ECF # 1).

The Court does not reach the merits of this dispute involving the Bankruptcy Court's statutory interpretation of Ohio Nonprofit Corporation Law as it applies to the question of whether, at a director's request, a non-profit corporation must pay the director's attorney fees, or whether the payment is discretionary upon the Board of Director's authorization. For the reasons set forth below, the Court concludes that it lacks jurisdiction to entertain the question on interlocutory appeal.

## I. *Background*

The underlying bankruptcy action involves Richland Hospital, Inc. ("Debtor"), which filed for Chapter 11 bankruptcy on 7 April 2000. The case was eventually converted to Chapter 7 bankruptcy and Josiah Mason was appointed as Chapter 7 Trustee of the Debtor's bankruptcy case on 17 November 2000. Mason proceeded to file an adversary proceeding against the named Appellants in this matter, alleging that as Directors on the Debtor's Board, they misappropriated corporate opportunities, breached their fiduciary duties, engaged in a civil conspiracy, and received unjust enrichment. The Trustee, further, sought to compel accounting, recover postpetition transfers and pierce the corporate veil.

In addition, the Trustee named the Ohio State Attorney General as a defendant in order to safeguard the Debtor's charitable assets. The Attorney General filed cross-claims and a third-party complaint under state law. At the time of this motion for leave to appeal, the Attorney General represented to the Court that paper discovery had been completed, a discovery schedule had been outlined by the Bankruptcy Court, and depositions were in the process of being taken.

The crux of the instant dispute before the Bankruptcy Court, and the impetus for this Motion for Leave to Appeal, is the Board Group's contention that Ohio's statutory scheme regulating non-profit corporations, specifically O.R.C. § 1702.12(E)(5), requires the debtor hospital, now in bankruptcy, to compensate the Board Groups' attorney fees as they are incurred. In short, the Board Group is asking for the Trustee to advance estate funds, which the Trustee has a fiduciary duty to safeguard for the benefit of all creditors, to cover the legal expenses of the very individuals whom the Trustee is proceeding against.

In its motion before the Bankruptcy Court, the Board Group construes the Ohio State Nonprofit Corporation Law as directing that it "must be paid for the attorneys' fees incurred while defending against pending litigation, and such fees must be paid *as they are incurred and in advance of final disposition* when that Director: (1) duly requests such payment, and (2) agrees to repay the amount if it is ultimately determined that the Director is not entitled to such payment." (ECF 9 emphasis in the original, citing O.R.C. § 1702.12(E)(5)). The appellees respond, before the Bankruptcy Court, that the plain meaning of the law renders payment conditional upon the Board of Directors' authorization. As the hospital is in bankruptcy proceedings, the appellees maintain, the Trustee sits as the legal successor to the rights of the Board of Directors, and that Trustee, appellee Josiah Mason, does not authorize payment to the Board Group's attorneys.

In its Memorandum and Order on 17 March 2004, Bankruptcy Judge Russ Kendig carefully parsed the statute in his determination for the Trustee, finding:

> In the case at hand, subsection (E)(5)(a)(i) provides that expenses incurred by a board member in defense of a suit against the board shall be paid as they are incurred if the board member so requests, subject to the constraints set forth in subsection (E)(5)(b). The reference to subsection (E)(5)(b) cannot be ignored. Subsection (E)(5)(b) provides litigation expenses "may be paid ... as they are incurred, in advance of the final disposition of the ... proceeding, *as authorized by the directors in the specific case.*" The phrase "as authorized by the directors" modifies the previous phrase "in advance of the final disposition ...," which modifies "as they are incurred." Reading these three

phrases, together, in succession, the subsequent modifying the previous, leads to the only reasonable interpretation that advance payment of litigation expenses, as they are incurred, is up to a board's discretion.

(Memorandum of Decision p. 5, emphasis in the original, citations omitted).[1]

The Board Group elected to have the instant appeal heard, pursuant to Bankruptcy Rule 8001, by the United States District Court, Northern District of Ohio. (ECF # 1). Relying on Bankruptcy Rule 8003, the appellants requested leave of this Court to appeal from the Bankruptcy Court's Order denying Defendants' Motion for Order Directing Trustee to Pay Defendants' Attorney's Fees.

## II. *Jurisdictional Standard: Interlocutory Appeals*

Before the Court may reach the merits of any argument presented in this case, it must first determine whether it has jurisdiction over the matter.[2] Jurisdiction over appeals from final judgments, orders, and decrees of the bankruptcy courts is

---

1. Ohio's Nonprofit Corporation Law, provides in pertinent part:

   (5)(a)(i) Unless, at the time of a director's or volunteer's act or omission that is the subject of an action, suit, or proceeding referred to in division (E)(1) or (2) of this section, the articles or regulations of the corporation state, by specific reference to this division, that its provisions do not apply to the corporation, or unless the only liability asserted against a director in an action, suit, or proceeding referred to in division (E)(1) or (2) of this section is pursuant to section 1702.55 of the Revised Code, or unless division (E)(5)(a)(ii) of this section applies, the expenses incurred by the director or volunteer in defending the action, suit, or proceeding, including attorney's fees, shall be paid by the corporation. Upon the request of the director or volunteer and in accordance with division (E)(5)(b) of this section, those expenses shall be paid as they are incurred, in advance of the final disposition of the action, suit, or proceeding.

   (ii) Notwithstanding division (E)(5)(a)(i) of this section, the expenses incurred by a director or volunteer in defending an action, suit, or proceeding referred to in division (E)(1) or (2) of this section, including attorney's fees, shall not be paid by the corporation upon the final disposition of the action, suit, or proceeding, or, if paid in advance of the final disposition of the action, suit, or proceeding, shall be repaid to the corporation by the director or volunteer, if it is proved, by clear and convincing evidence, in a court with jurisdiction that the act or omission of the director or volunteer was one undertaken with a deliberate intent to cause injury to the corporation or was one undertaken with a reckless disregard for the best interests of the corporation.

   (b) Expenses, including attorney's fees, incurred by a director, officer, employee, member, manager, agent, or volunteer in defending any action, suit, or proceeding referred to in division (E)(1) or (2) of this section may be paid by the corporation as they are incurred, in advance of the final disposition of the action, suit, or proceeding, as authorized by the directors in the specific case, upon receipt of an undertaking by or on behalf of the director, officer, employee, member, manager, agent, or volunteer to repay the amount if it ultimately is determined that the person is not entitled to be indemnified by the corporation.

2. Jurisdiction to hear appeals from Bankruptcy Court is conferred by 28 U.S.C. § 158. In determining appeals from Bankruptcy Court, this Court sits as an appellate court. It reviews the Bankruptcy Court's findings of fact under a clearly erroneous standard, but conducts a de novo review of the Bankruptcy Court's conclusions of law. Fed.R.Bankr.P. 8013; *In re Isaacman*, 26 F.3d 629, 630 (6th Cir.1994); *Harbour Lights Marina v. Wandstrat*, 153 B.R. 781 (Bankr.S.D.Ohio 1993). However, the Court may overturn matters within the discretion of the Bankruptcy Court only for an abuse of discretion. Fed. R.Bankr.P. 8003; *American Imaging Services, Inc. v. Eagle–Picher Industries, Inc. (In re Eagle–Picher Industries, Inc.)*, 963 F.2d 855, 858 (6th Cir.1992). Accord, *Investors Credit Corp. v. Batie*, 995 F.2d 85, 88 (6th Cir.1993).

vested in the federal district courts. 28 U.S.C. § 158(a). The federal district courts also have discretionary jurisdiction over appeals from interlocutory orders and decrees of the bankruptcy courts, allowing such appeals to be filed with leave of the court. 28 U.S.C. § 158(a)[3]; Fed. R. Bankr.P. 8001(b), 8003. As provided for in section 158, a district court has jurisdiction to hear appeals from either final or interlocutory orders. If the appeal is from a final order then jurisdiction is mandatory. However, if the appeal is from an interlocutory order, as it is here, the court's jurisdiction is not mandatory and can be invoked only upon leave of the court. In the instant case, defendants have filed a Motion for Leave to Appeal under Rule 8003(a).

■ Although the concept of finality is applied "in a more pragmatic and less technical way in bankruptcy cases than in other situations," *see Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers (In re Dow Corning Corp.),* 86 F.3d 482, 488 (6th Cir.1996) (citation omitted), *cert. denied,* 522 U.S. 977, 118 S.Ct. 435, 139 L.Ed.2d 334 (1997), to be considered a final order for purposes of appeal, an order must bring the litigation on the merits to a close and leave only the execution of judgment for the court to complete. *See In re Carrico,* 214 B.R. 842, 844 (6th Cir. BAP 1997) (citation omitted); *In re Sun Valley Foods Co.,* 801 F.2d 186, 189 (6th Cir.1986).

■ The Supreme Court has observed, in *Catlin v. United States,* 324 U.S. 229, 233 65 S.Ct. 631, 89 L.Ed. 911 (1945), that "[a] final order is an order that concludes the litigation on the merits of the case and 'leaves nothing for the court to do but execute the judgment.'" An order that is final with regard to a particular issue, but does not end the litigation on the merits, is not a final order under *Catlin* and is not immediately appealable. Courts rely on the final order rule to ensure judicial economy and efficiency, as well as to "prevent parties from using interlocutory appeals to stall litigation and increase attorneys' fees." *In re Sunstate Dairy,* 1992 WL 161138 (M.D.Fla. June 29, 1992). Further, courts rely on the advantages to both parties of having an appellate court review a disputed issue along with the other related issues in a case, so that the appellate court might adopt a broader point of view. *Id.*

In the present case, the order appealed from does not end litigation on the merits, and there is much more for the Bankruptcy Court to do. Further, the order in question is not even final on the particular issue of whether the Board of Directors will authorize payment of appellants' attorney fees. Rather it finds in the Ohio Nonprofit Corporation statute an expressed effort to render the attorney compensation as conditional upon authorization of the Board of Directors rather than as mandatory upon any given defendant's request. Accordingly, the Bankruptcy Court's Order is interlocutory which this Court may review at its discretion and in line with established standards.

### III. *Rule 8003(a)*

■ As an initial matter, appellees maintain that the Board Group's Motion for Leave to Appeal should be denied as improperly pled under Rule 8003(a). The Board Group responds that it filed a Motion for Leave and that it was timely,

---

**3.** This Court has "jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges ..." 28 U.S.C. § 158(a)(1).

pursuant to Rule 8003(c).[4] As such, appellants do not directly address the Trustee's position that the content of the Motion for Leave failed to meet the strictures of Rule 8003(a), where the Motion did not provide a statement of the reasons for granting the appeal. In addition, appellees note that the Board Group did not reference the applicable standard for determining whether the Motion for Leave should be granted.

■ Applications for leave to appeal are governed by Fed.R.Bankr.P. 8001(b) and 8003(a). In pertinent part, Bankruptcy Rule 8003(a) provides as follows:

> A motion for leave to appeal under 28 U.S.C. § 158(a) shall contain: (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within 10 days after service of the motion, an adverse party may file with the clerk an answer in opposition.

These are not merely formal requirements; rather, a motion in compliance with the Rule must be filed. *In re Cote*, 200 B.R. 971, 972 (1st Cir. BAP 1996) ("The motion at bench fails, under any stretch of imagination, to comply with Rule 8003(a)" where the appellants provided only sketchy facts and a terse statement of the reason why an appeal should be granted); *Merchants Bank v. C.R. Davidson Co. (In re C.R.*

*Davidson Co.)*, 232 B.R. 549, 554 (2d Cir. BAP 1999) ("We stress ... that the mandates of Rule 8003 must not henceforth be ignored."); *Gold v. Ladney (In re Michigan Molded Plastics, Inc.)*, 1995 WL 871181, *4 (E.D.Mich.1995) (denying a motion for leave to appeal because it failed to contain a copy of the order or judgment appealed from, as required under Fed. R.Bankr.P. 8003(a)).

Upon a thorough review of the appellants' Motion for Leave and the record in the case, the Court agrees with appellees' contentions. The Board Group's Motion for Leave lacks the mandatory statement of reasons and, as such, fails to address why this Court should grant the appeal. The appellants have fallen short of their obligation, under Rule 8003(a), to provide the information necessary to rule on their request. Accordingly, the Motion for Leave to Appeal must be and is denied.

### IV. *Exceptional Circumstances*

■ Even if this Court agreed with the Board Group's position that all mandatory Rule 8003(a) information had been provided, the Court still needs to address whether the Bankruptcy Court's order is appealable. *See United States Trustee v. PHM Credit Corp. (In re PHM Credit Corp.)*, 99 B.R. 762, 767 (E.D.Mich.1989). Typically, federal courts are reluctant to hear interlocutory appeals. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). Such appeals are permissible only in exceptional or extraordinary circumstances. *City*

---

4. Fed. R. Bank. P. 8003(c) provides:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed.

As the text of the Rule makes clear, Rule 8003(c) simply does not apply in this instance where the appellants filed a Motion for Leave rather than a Notice of Appeal. *See,* e.g., *Escondido Mission Village L.P. v. Best Prods. Co.*, 137 B.R. 114, 115 (S.D.N.Y.1992); *In re Hooker Invs., Inc.*, 122 B.R. 659, 662 (S.D.N.Y.1991).

*Bank and Trust Co. v. Stiles (In re Stiles)*, 29 B.R. 389 (M.D.Tenn.1982) (citing *Cardwell v. Chesapeake and Ohio Railway Co.*, 504 F.2d 444, 446 (6th Cir.1974)). In *Lewis v. United States of Am., Farmers Home Admin.*, 992 F.2d 767, 771 (8th Cir.1993), the Court found that the "district court has discretion to consider interlocutory appeals from bankruptcy courts...." *See In re PHM Credit Corp.*, 99 B.R. at 768. In *In re PHM Credit Corp.*, the Court found that although 28 U.S.C. § 158(a) gives it discretion to take an interlocutory appeal, "[it] should exercise this discretion sparingly, since interlocutory bankruptcy appeals should be the exception, rather than the rule." *Id.* Cf. *United States v. Stone*, 53 F.3d 141, 143–44 (6th Cir.1995) ("doubts regarding appealability should be resolved in favor of finding that the interlocutory order is not appealable").

■ In deciding whether to review an interlocutory appeal, federal courts typically, by analogy, have relied on 28 U.S.C. § 1292(b).[5] In *Rosin v. RCN Anlagenivestitionen Frodsgesellschaft II–Kommanditgesellschaft (In re RCN Anlagenivestitionen)*, 118 B.R. 460 (W.D.Mich.1990), the court observed:

> Section 158(a) and the bankruptcy rules do not specify the standards applicable for analyzing interlocutory appeals, thus the district courts use standards applicable to certification of appeals from district courts to courts of appeal under [28 U.S.C.] Section 1292(b).

In applying Section 1292(b) to a question on appeal, the United States Court of Appeals for the Sixth Circuit has required the presence of four elements:

(1) The question involved must be one of law;

(2) It must be controlling;

(3) There must be substantial ground for difference of opinion concerning the correctness of the bankruptcy court's determination; and

(4) An immediate appeal must materially advance the ultimate termination of the litigation.

*Wicheff v. Baumgart*, 215 B.R. 839 (6th Cir. BAP1998) citing *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993).

■ The appellant bears the burden of establishing exceptional circumstances warranting review of an interlocutory order. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) ("[T]he appellant ... has the burden of persuading the court ... that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.") (internal quotations omitted).

■ Nothing in the appellants' briefs convince the Court that exceptional circumstances require the discretionary exercise of jurisdiction in this matter pursuant to 28 U.S.C. § 1292(b). First, appellants' appeal on the issue of whether their attorneys must be paid from estate funds overseen by the Trustee does not present a "controlling" question of law with regard to the claims against the appellants.[6] Second, the Court does not find "substantial

---

**5.** 28 U.S.C. § 1292(b) provides in relevant part:

[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that

an immediate appeal from the order may materially advance the ultimate termination of the litigation, he [or she] shall so state in writing in such order.

**6.** Appellants' reliance on *In re Big Rivers Elec. Corp. v. Schilling*, 266 B.R. 100 (W.D.Ky. 2000) is inapposite. The merits issue of

ground" for difference of opinion respecting the correctness of the Bankruptcy Court's order. Judge Kendig engaged in a meticulous exercise of statutory interpretation to find that Ohio's Nonprofit Corporation Law, on its face, gave the Board of Directors of the bankrupt hospital discretion to fund the attorney fees of fellow Board Members. Because the Trustee now sits in place of the Board, that discretion reasonably devolves to Mr. Mason. Finally, the Court finds no basis for concluding that the present appeal will "materially advance the ultimate termination of the litigation," thereby justifying this Court's exercise of discretion. The litigation brought by the Trustee calls on the Bankruptcy Court to determine the nature and lawfulness of the appellants' conduct, and those adversary proceedings will continue separate from considerations of the appellants current Motion for Leave to Appeal. Accordingly, this Court will not exercise its discretionary jurisdiction to hear the present matter and declines to grant the Board Group's leave to appeal the Bankruptcy Court's order as an interlocutory appeal.

## V. *Collateral Order Doctrine*

Finally, the Board Group maintains that even if their appeal fails to satisfy the qualifications enunciated in 28 U.S.C. § 1292(b), this Court may exercise appellate jurisdiction over the Bankruptcy Court's decision pursuant to the collateral order doctrine. The Court is not persuaded.

■ "The collateral order doctrine is best understood not as an exception to the 'final decision' rule laid down by Congress in [28 U.S.C.] § 1291, but as a 'practical construction' of it." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (*quoting Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).[7]

■ The collateral order doctrine permits an interlocutory appeal from a narrow class of non-final orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *United States v. Davis*, 93 F.3d 1286, 1289 (6th Cir.1996) (*quoting Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).

---

whether the bankrupt estate in this matter is required to pay the attorney fees of the Board Group whom it is proceeding against does not control claims brought against the appellants for breach of fiduciary duty, misappropriation of corporate opportunities and civil conspiracy. The Bankruptcy Court determined the matter of payment to be within the discretion of the Trustee as representative of the interests of the Board of Directors and the estate. The Trustee has declined to pay the appellants' attorney fees. *Big Rivers*, on the other hand, involved a bankruptcy court's order requiring the payment of interim fees to the examiner's counsel. The Court in *Big Rivers* found the issue controlling because "deciding the issue now could avoid future time and expense to the parties in compiling and argu-

ing the amount of such fees before the bankruptcy court." *Id.* at 105. In the matter at hand the issue of "compiling and arguing the amount of such fees" does not arise where the Trustee has declined to forward any attorney fees whatsoever to appellants.

7. In this instance, 28 U.S.C. § 1291 applies where the Court sits as an appellate body vis-a-vis the Bankruptcy Court's Memorandum of Decision. Section 1291, regarding final decisions of district courts, provides in relevant part that "courts of appeals … shall have jurisdiction of appeals from all final decisions of the district courts of the United States … except where a direct review may be had in the Supreme Court."

■ In order to fall within the narrow scope of the collateral order doctrine, an order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Johnson v. Jones*, 515 U.S. 304, 310, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984); *United States v. Yeager*, 303 F.3d 661 (6th Cir.2002). A decision is not reviewable as a collateral order unless it satisfies all three of these requirements. See *United States v. Weiss*, 7 F.3d 1088, 1089 (2d Cir.1993).

■ The Supreme Court has clarified that the third requirement is satisfied when the collateral order at issue involves "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *United States v. MacDonald*, 435 U.S. 850, 860, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (denial of pretrial motion to dismiss an indictment on speedy trial grounds held not appealable under collateral order doctrine). As the Supreme Court recognized in *MacDonald*, "[a]dmittedly, there is value—to all but the most unusual litigant—in triumphing before trial, rather than after it, regardless of the substance of the winning claim. But this truism is not to be confused with the quite distinct proposition that certain Claims (because of the substance of the rights entailed, rather than the advantage to a litigant in winning his claim sooner) should be resolved before trial." *MacDonald*, 435 U.S. at 860 n. 7, 98 S.Ct. 1547.

In addition, the Supreme Court has continued to stress that the "narrow" exception recognized in *Cohen* should "stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district [or bankruptcy] court error at any stage of the litigation may be ventilated." [8] *Digital Equipment Corp.*, supra, 511 U.S. at 868, 114 S.Ct. 1992; *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 270, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982). Accordingly, the conditions for collateral order appeal are stringent and the issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be accelerated, or a "particular injustic[e]" averted by a prompt appellate court decision. *See*, e.g., *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989); *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529, 108 S.Ct. 1945,

---

**8.** In *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), the Supreme Court unanimously held that an order denying a motion to disqualify counsel of the opposing party in a civil case was not a final decision within the meaning of section 1291. In so doing, the Court explained the reasons for ordinarily requiring a final disposition of the case before appeal:

This rule, that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits, serves a number of important purposes. It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge [and bankruptcy judge], as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment."

*Id.* at 374, 101 S.Ct. 669 (citations omitted).

100 L.Ed.2d 517 (1988). *See also Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 439, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (expressly rejecting efforts to reduce the finality requirement of § 1291 to a case-by-case determination of appealability).

 In the present case, the appellants have motioned for leave to appeal the Bankruptcy Court's order denying the Board Group's request that the Trustee advance their attorney fees and expenses pursuant to O.R.C. § 1702.12(E)(5)(a) and (b) of the Ohio Nonprofit Corporation Law. Having reviewed Judge Kendig's Memorandum of Decision, the Court concludes that it falls outside the scope of the collateral order doctrine.

First, the ruling conclusively determined a disputed question, namely whether the Trustee was required to fund the Board Group's defense or whether it was within the Trustee's discretion to so fund the Board Group's attorney fees. Additionally, that question was separate from the merits of the underlying cause of action, which involve claims made by the Trustee against the Board Group for breach of fiduciary duty, civil conspiracy, misappropriation of corporate opportunity, unjust enrichment, and to compel accounting, recover postpetition transfers and pierce the corporate veil. Consequently, the Board Group satisfied the first two criteria for invoking the collateral order doctrine.

The Bankruptcy Court's Memorandum and Order falls outside the scope of the collateral order doctrine, however, because the Board Group has failed to satisfy the third requirement set forth above. The Board Group's putative right to receive payment for attorney fees is capable of being reviewed on appeal once the underlying claims have been resolved. Therefore, even if the Board Group has a right to receive attorney fee payments, the legal and practical value of that right will not be "destroyed" if not vindicated prior to the resolution of the underlying claims.

## VI. *Conclusion*

The Court finds appellants are not entitled to the interlocutory appeal they seek. The Board Group's Motion for Leave to Appeal does not fully comply with the requirements of Rule 8003(a), it does not show the exceptional circumstance necessary to justify an interlocutory appeal under 28 U.S.C. §§ 158 & 1292(b), and it falls outside the scope of the collateral order doctrine. Consequently, appellants' Motion for Leave to Appeal is denied.

IT IS SO ORDERED.